## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVI & SNOTHERLY, PLLC | : |
|     Plaintiff | : |
| v. | :    **CASE NO. 1:20-cv-00958-JEB** |
| ESTAR TECHNOLOGIES, LTD., et al. | : |
|     Defendants | : |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO REMAND FOR DEFENDANTS'
<u>FAILURE TO COMPLY WITH 28 U.S.C. §1446(d)</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ................................................................................................................. 1

     A.  Background ................................................................................................................ 1

     B.  The Notice of Removal .............................................................................................. 2

II.  FACTS .................................................................................................................................. 2

III. REMOVAL OF THIS CASE CANNOT BE EFFECTUATED BECAUSE
     DEFENDANTS FAILED TO PROMPTLY FILE THEIR NOTICE WITH THE
     SUPERIOR COURT OF THE DISTRICT OF COLUMBIA ............................................. 4

     A.  Congress Required the Removing Parties to File Their Notice of Removal with the
         Clerk of the State Court to Effectuate Removal ........................................................ 4

     B.  Defendants Have Not—and Cannot at This Late Stage—"Promptly" File Their
         Notice of Removal with the Clerk of the D.C. Superior Court .................................. 6

IV.  L&S HAS BEEN PREJUDICED BY DEFENDANTS' UNDUE DELAY ........................ 8

V.   WHETHER THIS COURT LACKS JURISDICTION THUS REQUIRING REMAND IS
     AN OPEN QUESTION AND COULD REQUIRE DISCOVERY TO DETERMINE
     THE "CITIZENSHIP" OF THE MEMBERS OF ECLIPSE AND PEARL COHEN ........ 9

VI.  CONCLUSION ..................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*16 Cobalt LLC v. Harrison Career Inst.*, Civil No. 06-175 (CKK), 2007 U.S. Dist. LEXIS 106042 (D.D.C. March 28, 2007) .................................................................................. 5
*Courville v. Texaco, Inc.*, 741 F. Supp. 108 (E.D. La. 1990) ........................................................ 9
*Doherty v. Goslin*, No. 02 cv 2689, 2002 U.S. Dist. LEXIS 15083 (E.D. Pa. July 26, 2002) .... 5, 6
*Dutton v. Ethicon, Inc.*, Cv. No. 18-17199, 2019 U.S. Dist. LEXIS 180567 (D.N.J. Oct. 18, 2019) ......................................................................................................................... 5
*Fromm v. Duffy*, Civ. Nos. 19-1121, -1124 (EGS), 2020 U.S. Dist. LEXIS 3482 (D.D.C. Jan. 9, 2020) ......................................................................................................................... 8
*Hanratty v. Watson*, No. 10-cv-662, 2010 U.S. Dist. LEXIS 127270 (S.D. Ill. Dec. 2, 2010) ...... 5
*Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545 (D. Md. 2014) .............................................. 4, 5, 6
*Kosen v. Ruffing*, No. 08cv0793, 2009 U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 5, 2009) ................ 5
*Mlotek v. Mlotek*, No. 10-cv-432, 2011 U.S. Dist. LEXIS 13828 (N.D. Ohio Feb. 3, 2011) ......... 5
*Pinkerton v. New Body MD LLC*, No. 18-02195, 2019 U.S. Dist. LEXIS 21128 (C.D. Cal. Feb. 7, 2019) ......................................................................................................................... 6
*Potomac Elec. Power Co. v. China Constr. Am., Inc.*, Cv. No. 09-111, 2009 U.S. Dist. LEXIS 90234 (D.D.C. Sept. 29, 2009) .................................................................................. 6

**Statutes**

28 U.S.C. §1446(d) ................................................................................................................ passim

**Other Authorities**

*American Heritage Dictionary of the English Language* ............................................................. 6
Merriam-Webster online dictionary ............................................................................................... 6
*Oxford Dictionary of English* ....................................................................................................... 6

**Rules**

Local Civil Rule 5.4(a) .................................................................................................................. 5
Local Civil Rule 83.2(c)(1) ............................................................................................................ 5

**Treatises**

14C Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3736 (1996) ......................... 7

Plaintiff Levi & Snotherly, PLLC ("L&S" or "Plaintiff") respectfully submits this memorandum of points and authorities in support of its Motion to Remand to the Superior Court of the District of Columbia for Defendants' failure to comply with 28 U.S.C. §1446(d).

## I. INTRODUCTION

On March 5, 2020, Plaintiff commenced this action against Estar Technologies, Ltd. ("Estar"), Eclipse MedCorp, LLC ("Eclipse"), and Pearl Cohen Zedek Latzer Baratz, LLP ("Pearl Cohen") (collectively "Defendants") by filing suit in the Superior Court of the District of Columbia based on Defendants' refusal to pay legal fees and expenses owed to Plaintiff.

### A. Background

L&S, a two-person law firm with one office in Washington D.C., opened for business in January 2018 and specializes in proceedings under 19 U.S.C. §1337 in the U.S. International Trade Commission. Pearl Cohen is an international law firm whose web site boasts nearly 200 attorneys spanning three countries.[1] Estar's web site claims that it is "a world leader in Platelet-Rich Plasma (PRP) and autologous cell therapy technologies and is . . . at the forefront of regenerative medicine companies."[2] Eclipse was formed in January 1993 and claims that it is a "preferred provider to physician practices across the globe by delivering the most innovative, advanced and cost-effective medical technologies."[3]

Defendants forced L&S to bring this action after they, without justification, refused to pay the fees and expenses owed to L&S in connection with legal work L&S performed – this despite an overwhelming victory in the underlying litigation due in large part to the work and efforts of

---

[1] *See* https://pearlcohen.com (last visited May 13, 2020).

[2] *See* https://estar-medical.com (last visited May 13, 2020).

[3] *See* https://eclipsemed.com (last visited May 13, 2020).

L&S. During the pendency of the underlying litigation, Estar and Pearl Cohen in particular led L&S to believe that payment would be made. But in a coordinated scheme to defraud L&S, they waited until the underlying litigation was effectively over before informing L&S that payment for the legal services Defendants requested and benefitted from in fact would not be made. To add insult to injury, on March 5, 2020, the same day L&S filed suit, Estar issued a press release ***touting the result of the litigation for which it refuses to pay L&S***. *See* Declaration of Eric J. Pelletier ("Pelletier Decl.") at ¶2, Ex. 1 (Estar Press Release).

### B. The Notice of Removal

On April 13, 2020, Defendants sought to remove this action from D.C. Superior Court. Plaintiff now moves to remand. Removal has not been effectuated because Defendants neglected to comply with 28 U.S.C. §1446(d) by failing to file their Notice of Removal ("Notice") with the Clerk of the Superior Court of the District of Columbia, let alone to "promptly" file their Notice with that Court. L&S has been prejudiced by the delay occasioned by Defendants' failure to comply with this statute, which further supports remand.

Also, because Eclipse and Pearl Cohen have not complied with this Court's directive to identify the "citizenship" of their members, whether this Court lacks jurisdiction remains an open question requiring targeted discovery and which may also require remand on that alternative basis. This additional expense would have been unnecessary had Eclipse and Pearl Cohen simply complied with this Court's April 15, 2020, Order.

## II.  FACTS

On March 18, 2020, Pearl Cohen was served with the Complaint and summons. *See* April 13 Notice of Removal, at ¶3. On March 30, 2020, Eclipse was served with the Complaint and summons. *Id*., at ¶2. By agreement, service on Estar was effectuated on April 1, 2020. *Id*., at ¶4.

2

However, according to Defendants, they had notice of the Complaint at least as early as March 13, 2020. *Id.*, at ¶5.

On April 7, 2020, while this case was in the D.C. Superior Court, Plaintiff served written interrogatories and document requests on Defendants. Pelletier Decl. at ¶3. Also on April 7, 2020, Defendants purported to file a paper copy of a Notice of Removal to this Court *signed only by Mr. Guy Yonay*, a Partner with, and Member of, Pearl Cohen. Pelletier Decl. at ¶4, Ex. 2 (April 7, 2020, Notice of Removal). Mr. Yonay at the time was not a member of the Bar of this Court. According to the court's website, Mr. Yonay was admitted to the bar of this court on May 4, 2020. Defendants apparently realized that their April 7 Notice was null and void and on April 13, 2020, again sought to file their Notice after retaining local counsel who signed the Notice. *See* April 13 Notice of Removal at 4.

As of the filing of this motion – 30 days after Defendants filed their Notice on April 13 – Defendants still have not filed their Notice with the Clerk of the Superior Court of the District of Columbia. Pelletier Decl. at ¶5, Ex. 3 at 1-2 (records of D.C. Superior Court). According to the D.C. Superior Court, the case Plaintiff filed remains "open." *Id.*, Ex. 3 at 3. Nor does Plaintiff have any timeframe for receiving responses to the written discovery requests it served on April 7, 2020.

On April 15, 2020, this Court directed Plaintiff and the Eclipse and Pearl Cohen Defendants to provide the "citizenship" of each of their members. Despite the title of their filing, the Eclipse and Pearl Cohen Defendants did not provide the "citizenship" of their members and instead disclosed only the States or country of "residence" of their members. *See* Defendants' April 20, 2020, filing (titled "Local Civil Rule 26.1 Disclosure of Corporate Affiliations and Notice of Citizenship of Members").

### III. REMOVAL OF THIS CASE CANNOT BE EFFECTUATED BECAUSE DEFENDANTS FAILED TO PROMPTLY FILE THEIR NOTICE WITH THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Plaintiff's motion to remand should be granted because Defendants have failed to file their Notice with the Clerk of the D.C. Superior Court, thus violating both requirements of 28 U.S.C. §1446(d) that such notices be filed with the State court, and that they be "promptly" filed with the State court. Plaintiff's motion to remand should be granted also because L&S has been prejudiced by delays occasioned by Defendants' failures to comply with this statute.

#### A. Congress Required the Removing Parties to File Their Notice of Removal with the Clerk of the State Court to Effectuate Removal

Congress enacted procedures for removal of civil actions to federal court. Those statutory procedures include 28 U.S.C. §1446(d), which states:

> (d) Notice to Adverse Parties and State Court. –
>
> ***Promptly*** *after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and **shall** file a copy of the notice with the clerk of such State court, which shall **effect the removal** and the State court shall proceed no further unless and until the case is remanded*.

28 U.S.C. §1446(d) (emphasis added).

The statutory requirement of filing the notice of removal with the clerk of the State court "shall effect the removal." Thus, a precondition to removal to federal court is the filing of the notice of removal with the clerk of the State court. "[F]iling a notice of removal in [federal] Court is not sufficient in itself to complete the removal of a case from state to federal court: section 1446(d) requires a removing defendant to serve notice on its adversaries and to file a copy of the notice with the clerk of such State court, which shall effect the removal." *Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545, 554 (D. Md. 2014) (internal quotations omitted); *see also Dutton v. Ethicon, Inc.*, Cv. No. 18-17199, 2019 U.S. Dist. LEXIS 180567, at *14 (D.N.J. Oct. 18, 2019)

(concluding that removal is not effected until a copy of notice is filed with clerk of State court, and until then the State court retains jurisdiction).

Removal in the present case has not been effectuated – and cannot be effectuated – unless and until Defendants timely file their Notice with the Clerk of the Superior Court of the District of Columbia.

Despite filing their Notice with this Court on April 13, 2020,[4] Defendants have failed to file their Notice with the Clerk of the Superior Court of the District of Columbia.  Pelletier Decl. at ¶5, Ex. 3.  Because Defendants have failed to file their Notice with the D.C. Superior Court, removal has not been effectuated and this omission defeats Defendants' attempt to remove this action.  *See, e.g., Johnson*, 63 F. Supp. 3d at 554-557 (remanding case where defendant failed to file notice of removal with State court); *see also Kosen v. Ruffing*, No. 08cv0793, 2009 U.S. Dist. LEXIS 659, at *33-36 (S.D. Cal. Jan. 5, 2009) (remanding case where defendant failed to file notice with State court and concluding that "the Court finds it appropriate to remand the case to the state court, because the removal process was never properly completed."); *Doherty v. Goslin*, No. 02 cv 2689, 2002 U.S. Dist. LEXIS 15083, at *3-7 (E.D. Pa. July 26, 2002) (remanding where notice not given to State court); *Mlotek v. Mlotek*, No. 10-cv-432, 2011 U.S. Dist. LEXIS 13828, at *3-4 (N.D. Ohio Feb. 3, 2011) (same); *Hanratty v. Watson*, No. 10-cv-662, 2010 U.S. Dist. LEXIS 127270, at *12-15 (S.D. Ill. Dec. 2, 2010) (same); and *Pinkerton v. New Body MD LLC*, No. 18-02195, 2019 U.S. Dist. LEXIS 21128, at *3-4 (C.D. Cal. Feb. 7, 2019) (same).

For these reasons, the Court should remand this case to the D.C. Superior Court.

---

[4] Defendants' April 7 notice of removal was never actually filed, as it does not appear on the Docket Sheet of this case.  Indeed, Defendants' April 7 notice was null and void and in violation of both Local Civil Rules 83.2(c)(1) and 5.4(a) because: (i) it was signed only by Mr. Yonay, who at the time was not a member of the Bar of this Court, and (ii) it was not filed electronically.  *See, e.g., 16 Cobalt LLC v. Harrison Career Inst.*, Civil No. 06-175 (CKK), 2007 U.S. Dist. LEXIS 106042, at *6-7 (D.D.C. March 28, 2007) ("A non-member attorney may not file papers on behalf of his client until he has been admitted by this Court *pro hac vice* and joined with a member in good standing of the Bar and such papers co-signed by said member counsel."); and LCvR 5.4(a).

5

### B. Defendants Have Not – and Cannot at This Late Stage – "Promptly" File Their Notice of Removal with the Clerk of the D.C. Superior Court

Under §1446(d), a defendant seeking removal is obligated not only just to file its notice of removal with the clerk of the State court, but to do so "promptly." Any attempt by Defendants to file the Notice with the Clerk of the D.C. Superior Court at this late stage would still fail to comply with the statute because such an unduly delayed filing will not have occurred "promptly" after the filing of the Notice in this Court.

There is no specific time period explicitly set forth in the statute to define "promptly." However, according to Webster's, "promptly" means "without delay: very quickly or immediately." Pelletier Decl. at ¶6, Ex. 4 (*Merriam-Webster online dictionary*). Other dictionaries are in accord.[5]

While districts courts have interpreted "promptly" in varying ways,[6] Plaintiff submits that ***Congress could not have intended a delay of 30 days or more to be "prompt."*** In §1447(c), Congress specifically required that any motion to remand on the basis of anything other than lack of jurisdiction be filed within 30 days after the filing of the notice of removal. *See* 28 U.S.C. §1447(c). Thus, Congress says in §1446(d) that removal can be effectuated only where the notice

---

[5] *See American Heritage Dictionary of the English Language*, Pelletier Decl. at ¶7, Ex. 5 (defining prompt as "[c]arried out or performed without delay"); and *Oxford Dictionary of English*, Pelletier Decl. at ¶8, Ex. 6 (defining promptly as "with little or no delay; immediately").

[6] *See e.g., Doherty*, 2002 U.S. Dist. LEXIS 15083, at *3-6 (holding that a 27-day delay does not comply with the statutory requirement that the State court be promptly notified); *see also Johnson*, 63 F. Supp. 3d at 555-56 (waiting 33 days to notify the State court of notice of removal was not prompt). Before the court in *Potomac Elec. Power Co. v. China Constr. Am., Inc*., Cv. No. 09-111, 2009 U.S. Dist. LEXIS 90234 (D.D.C. Sept. 29, 2009), was defendant's motion to vacate an order of default entered against it by the D.C. Superior Court for failure to timely answer the complaint before removal was effectuated. The district court ruled that the State court retained jurisdiction to enter the default judgment because defendant had not filed the notice of removal with the State court. The district court also granted defendant's motion to vacate the default judgment because it found that the default was not willful, the set-aside would not prejudice the plaintiff, and that there was an acceptable reason for defendant's delay in answering the complaint. In so ruling, the district court implicitly accepted jurisdiction even though the defendant waited almost two months before filing the notice of removal with the State court. However, because plaintiff did not challenge the promptness of defendant's filing of the notice of removal with the State court, the issue here was not presented in that case.

of removal is promptly filed with the Clerk of the State court, and at the same time Congress in §1447(c) requires motions to remand cases that have been removed to be filed within 30 days of the filing of the notice.

The juxtaposition of these two statutes strongly suggests that "promptly" must mean 29 days or less.  In the statutory scheme, removal is a prerequisite to remand.  Congress would not require a motion to remand on non-jurisdictional grounds to be filed within 30 days but allow removal to be effectuated 30 or more days after filing of a notice of removal.  Because removal of a case must be effectuated *before* the case can be remanded, requiring a motion to remand on non-jurisdictional grounds to be filed *within 30 days* of the filing of the notice of removal, but allowing removal to effectuated *30 days after* the notice of removal is filed, makes no sense.

"Promptly" must therefore mean 29 days or less. If Defendants were to file their Notice with the D.C. Superior Court 30 or more days after their April 13 Notice, such a filing cannot comply with §1446(d) and removal cannot be effectuated.

Even if this Court determines without deciding that "promptly" might not exclude a time period of 30 days or more, given the circumstances of this case as discussed herein, this case still should be remanded.  As discussed below, Defendants have unduly delayed,[7] and L&S has been prejudiced by that delay.  Defendants are in no position to claim leniency, and they should not be rewarded for their prejudicial acts and omissions.  "The removal statue is to be strictly construed, any ambiguities concerning the propriety of removal shall be ***construed in favor of remand***." *Fromm v. Duffy*, Civ. Nos. 19-1121, -1124 (EGS), 2020 U.S. Dist. LEXIS 3482, at *6 (D.D.C. Jan. 9, 2020) (internal quotations omitted) (emphasis added).

---

[7] *See* 14C Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3736, at 548 (1996) (undue delay to be determined by the circumstances of the particular case).

7

Because Defendants have not, and cannot at this late stage, "promptly" file their Notice with the Clerk of the D.C. Superior Court, removal of this case has not been and should not be effectuated. 28 U.S.C. § 1446(d).  As a result, this case should proceed only in the Superior Court of the District of Columbia.

### IV.     L&S HAS BEEN PREJUDICED BY DEFENDANTS' UNDUE DELAY

L&S continues to be prejudiced as a result of Defendants' unjustified refusal to pay for the legal services they requested, accepted, and benefitted from.[8]  Aside from that very real and ongoing prejudice, L&S additionally has been prejudiced by Defendants' undue delay in filing their Notice with the Clerk of the D.C. Superior Court.  Defendants' deficient attempt to remove this case has the effect of unnecessarily dragging out this dispute between the parties, which prejudices L&S's interest in obtaining quick discovery and, eventually, judgment against Defendants.[9]

Seeking to move this case toward a final judgment from the D.C. Superior Court as quickly as possible, Plaintiff served written interrogatories and document requests to Defendants in the D.C. Superior Court on April 7, 2020. Pelletier Decl. at ¶3.  However, since Defendants filed their April 13 Notice, Plaintiff cannot re-serve its written discovery in this forum and cannot otherwise proceed with discovery in this forum without risk of waiving its right to seek remand. *See, e.g., Courville v. Texaco, Inc.*, 741 F. Supp. 108, 111 (E.D. La. 1990) (holding plaintiff waived right to seek remand by, *inter alia*, serving written discovery).

---

[8] That Estar issued a press release touting the results of the litigation for which it refuses to pay L&S (*see* Pelletier Decl., at ¶ 2, Ex. 1) demonstrates, among other things, Estar's shameless enjoyment of the benefits it received as a result of L&S's legal services while flouting its payment obligations and refusing to honor its debts for those services.

[9] Indeed, because of the presumptively longer pendency of civil cases in this federal District Court as compared to the D.C. Superior Court, Defendants appear to have been motivated to seek removal in order to drag out this dispute and thereby further to prejudice L&S.  Not only have Defendants sought to deny justice to L&S by unjustifiably refusing to pay for the legal services provided by L&S, Defendants also apparently seek to delay L&S's effort to obtain justice from the Courts as a result of their refusal to pay L&S.

8

As a result, Plaintiff still has no responses to the written discovery requests it served on April 7, and any responses it will receive will be delayed by Defendants' procedural maneuvering. For these additional reasons, this case should be remanded.

V. **WHETHER THIS COURT LACKS JURISDICTION THUS REQUIRING REMAND IS AN OPEN QUESTION AND COULD REQUIRE DISCOVERY TO DETERMINE THE "CITIZENSHIP" OF THE MEMBERS OF ECLIPSE AND PEARL COHEN**

On April 15, 2020, this Court directed Plaintiff and Defendants Eclipse and Pearl Cohen to indicate the "citizenship" of each of their members so that the Court may ascertain whether is possesses jurisdiction based on diversity of citizenship. Plaintiff filed its statement indicating the States of citizenship of its members on April 16, 2020. The Eclipse and Pearl Cohen Defendants' April 20, 2020, statement did not indicate the States of citizenship of any of its members and instead disclosed only the States or country of "residence" of their members.

Thus, whether this Court has jurisdiction based on diversity of citizenship remains an open question possibly requiring targeted discovery into the States or countries of citizenship of the members of the Eclipse and Pearl Cohen defendants. Remand would also be appropriate on jurisdictional grounds if there is no diversity of citizenship.

VI. **CONCLUSION**

Because Defendants' Notice of Removal was not "promptly" filed with the clerk of the Superior Court of the District of Columbia, because Plaintiff has been prejudiced by the delay occasioned by Defendants' defective attempt to remove, and for all the foregoing reasons, Plaintiff's Motion to Remand should be granted.

Dated: May 13, 2020 Respectfully submitted,

*/s/ Eric Pelletier*
Eric Pelletier DC Bar #454794
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
240-507-1739
240-507-1735 fax
epelletier@offitkurman.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2020 I served a copy of the foregoing *Motion and Memorandum* via the Court's ECF to:

Jeremy Schulman, Esq.
Schulman Bhattacharya, LLC
7500 Old Georgetown Road, Suite 901
Bethesda, MD 20814

Guy Yonay, Esq.
Pearl Cohen Zedek Latzer & Baratz, LLP
1500 Broadway, 12th Fl.
New York, New York 10036

*/s/ Eric Pelletier*
Eric Pelletier

4833-8216-7996, v. 1