# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEVI & SNOTHERLY, PLLC </br></br> *Plaintiff,* </br></br> v. </br></br> ESTAR TECHNOLOGIES, LTD., ECLIPSE MEDCORP, LLC, and PEARL COHEN ZEDEK LATZER BARATZ, LLP </br></br> *Defendants.* | Civil Action No. 1:20-cv-00958-JEB </br></br> *Removed From:* </br> SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA </br> Civil Division </br> (State Court Civil Action No. 2020 CA 001590 B) |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND, AND IN SUPPORT OF SANCTIONS

**TABLE OF CONTENTS**

Page

**I.     INTRODUCTION** ...............................................................................................................1

**II.    RELEVANT FACTUAL BACKGROUND** ..................................................................2

**III.   ARGUMENT** .....................................................................................................................3

      A.      Remand to the Superior Court is Unnecessary and Unwarranted—Defendants Filed Their Notice with the Superior Court Without Undue Delay ........................3

      B.      There is No Prejudice to L&S from Any Delay in Notifying the Superior Court ...................................................................................7

      C.      L&S's Diversity Jurisdiction Argument is Improper and Moot .............................9

      D.      Defendants are Entitled to an Award of Costs and Attorneys' Fees ....................10

**IV.    CONCLUSION** ...............................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amlong & Amlong, P.A. v. Denny's, Inc.*,
    500 F.3d 1230 (11th Cir. 2007) ...................................................................................................11

*Braley v. Campbell*,
    832 F.2d 1504 (10th Cir. 1987) ...................................................................................................11

*Browning v. Am. Family Mut. Ins. Co.*,
    396 F. App'x 496 (10th Cir. 2010) ..................................................................................... 4, 7, 10

*Calderon v. Pathmark Stores, Inc.*,
    101 F. Supp. 2d 246 (S.D.N.Y. 2000) ........................................................................................ 4, 7

*Copeland v. U.S. Bank N.A.*,
    2020 U.S. Dist. LEXIS 72280 (N.D. Tex. Apr. 4, 2020) ................................................................9

*Courville v. Texaco, Inc.*,
    741 F. Supp. 108 (E.D. La. 1990) .................................................................................................8

*Forras v. Rauf*,
    Civil Action No. 12-282, 2016 U.S. Dist. LEXIS 141616 (D.D.C. Sept. 22, 2016) ..................11

*Fromm v. Duffy*,
    Civ. Nos. 19-1121 (EGS); 19-1124 (EGS),
    2020 U.S. Dist. LEXIS 3482 (D.D.C. Jan. 9, 2020) .....................................................................6

*Hanratty v. Watson*,
    Case No. 10-cv-622-JPG, 2010 U.S. Dist. LEXIS 127270 (S.D. Ill. Dec. 2, 2010) ....................5

*In re Carvalho*,
    No. 15-00646 (Chapter 7), 2019 Bankr. LEXIS 3098 (Bankr. D.D.C. Sep. 30, 2019) ............11

*In re Rosebar*,
    No. 13-00535 (Chapter 11), 505 B.R. 82;
    2014 Bankr. LEXIS 449 (Bankr. D.D.C. Feb. 3, 2014) .............................................................11

*Johnson v. Citibank, N.A.*,
    63 F. Supp. 3d 545 (D. Md. 2014) ................................................................................................5

*Knezevich v. Carter*,
    No. 19-10769, 2020 U.S. App. LEXIS 5433 (11th Cir. Feb. 24, 2020) .................................. 4, 7

*Koerner v. Aetna U.S. Healthcare, Inc.*,
    92 F. App'x 394 (9th Cir. 2003) ....................................................................................................4

*Kosen v. Ruffing*,
    No. 08-cv-0793-LAB (WMc), 2009 U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 7, 2009) ..................5

*Mlotek v. Mlotek*,
    Case No. 10-cv-432, 2011 U.S. Dist. LEXIS 13828 (N.D. Oh. Feb. 3, 2011) ...........................5

*Parker v. Malone*,
 Civil Action Nos. 7:03CV00742, 7:03CV00743, 7:03CV00744,
 2004 U.S. Dist. LEXIS 1096 (W.D. Va. Jan. 15, 2004)............................................................7

*Pinkerton v. New Body MD LLC*,
 SACV 18-02195JVS(DFMx), 2019 U.S. Dist. LEXIS 21128 (C.D. Cal. Feb. 7, 2019)............6

*Whitney v. Wal-Mart Stores, Inc.*,
 No. Civ. 04-38-P-H, 2004 U.S. Dist. LEXIS 17437 (D. Me. Aug. 31, 2004)....................5, 7, 9

**Statutes**

28 U.S.C. § 1446................................................................................................................ 4, 6, 9, 11

28 U.S.C. § 1447..........................................................................................................................2

28 U.S.C. § 1927............................................................................................................... 1, 10, 11

28 U.S.C. §1332.........................................................................................................................10

Defendants Estar Technologies, Ltd., ("Estar"), Eclipse Medcorp, LLC ("Eclipse") and Pearl Cohen Zedek Latzer Baratz LLP ("Pearl Cohen") (collectively, "Defendants") respectfully submit this memorandum of law, together with the supporting declaration of Guy Yonay ("Yonay Dec.") in opposition to the Motion of Plaintiff Levi & Snotherly, PLLC ("L&S" or "Plaintiff") to remand this case to the Superior Court for the District of Columbia.

## I.   INTRODUCTION

As set forth below, the motion to remand is baseless. First and foremost, Plaintiff's motion is moot, insofar as the notice of removal *was* filed with the Clerk of the D.C. Superior Court, thirty days after filing in this Court (within hours of a desultory "meet-and-confer" call). That fact alone should end the inquiry. However, should the Court wish to inquire further into this matter, there are ample additional legal reasons to deny Plaintiff's motion. There was no jurisdictional flaw, since the notice requirement is procedural. Moreover, any prior failure to file the notice with the Superior Court was harmless and has not prejudiced L&S, and that court has not taken any action in the underlying case. Nor is there an "open issue" concerning whether this Court has subject matter jurisdiction, as Plaintiff strains to argue. Plaintiff's half-hearted challenge to the diversity requirement (which was never discussed during the last-minute "meet-and-confer"), is not jurisdictional, and in any event, now moot based on Defendants' Supplemental Local Rule 26.1 Disclosure (D.I. 12).

In view of the above, L&S's motion is obviously intended to multiply the work for Defendants and avoid the merits of the dispute (as foreshadowed by the overabundance of unsupported causes of action in the complaint). Insofar as the motion was filed unreasonably, for vexatious reasons, Defendants' costs and fees for responding to this motion should be assessed against L&S and/or its counsel, pursuant to 28 U.S.C. §1927.

## II.     RELEVANT FACTUAL BACKGROUND

Plaintiff filed a complaint for breach of contract and other torts in D.C. Superior Court on March 5, 2020, and Defendants timely filed their Notice of Removal with this Court on April 13, 2020. (D.I. 1).[1] On April 20, 2020, pursuant to this Court's Order (D.I. 4), Defendants Eclipse and Pearl Cohen filed a Certificate of Disclosure of Corporate Affiliations and Financial Interests under Local Rule 26.1, including a list of all members and their states of residence. (D.I. 7).

At about 3:15 p.m. on May 13, 2020—per Plaintiff, the last date on which it could move for remand under 28 U.S.C. § 1447(c)—counsel for Plaintiff called the undersigned counsel for Defendants, and raised for the first time, its intention to file a motion to remand based on failure to notify the Clerk of the D.C. Superior Court of the removal. (Yonay Dec. at ¶7). Although counsel for the parties had spoken by phone several times during the preceding weeks, the May 13 meet-and-confer, just hours before the close of business (and the courts), was the first time that counsel for L&S raised this issue. (Yonay Dec. at ¶¶7–8). The meet-and-confer was held (by choice of L&S's counsel) only hours before the close of business on the last day (per L&S's counsel) on which this motion could be filed. That is, although Plaintiff's motion had already been conceived, researched, and fully drafted, the meet-and-confer was deliberately timed to prevent Defendants from averting the need for the motion. (Yonay Dec. at ¶7).

Immediately upon being notified of Plaintiff's intention to seek remand, Defendants hired local counsel admitted to practice in D.C. Superior Court and (within three hours) filed the

---

[1] L&S spends the first page-and-a-half of its nine-page memorandum of law arguing the "merits" of its claims against Defendants. (Mem., D.I. 10-1, at 1-2). Defendants decline to join that discussion herein, but observe that L&S's actions belie its claim that the true purpose of its motion is remand. On the contrary, it appears that L&S's aim is to get its merits arguments before the Court, by whatever means, proper or not.

requisite notice, just prior to 6:00 p.m. on the thirtieth day after the notice of removal. (Yonay Dec. at ¶9, Ex. A).[2]

On the morning of May 14, the undersigned counsel for Defendants emailed counsel for L&S, pointing out that the stated basis for L&S's motion was moot in light of the prior day's filing with the Superior Court, and allowing L&S two days to withdraw its now-moot (and otherwise baseless) motion, before Defendants incurred the significant cost of opposing it. (Yonay Dec. at ¶10, Ex. B). As of the date of filing this opposition, L&S's counsel has not responded to that email. (Yonay Dec. at ¶11).

### III. ARGUMENT

#### A. Remand to the Superior Court is Unnecessary and Unwarranted—Defendants Filed Their Notice with the Superior Court Without Undue Delay

First, and this cannot be emphasized enough, the stated basis for L&S's motion for remand *is now moot* and has been moot since the day L&S filed its motion. Through oversight, counsel for Defendants had not previously notified the D.C. Superior Court of the removal; however, that notice was filed with the Superior Court Clerk within 30 days of removal, mooting this issue. (Yonay Dec., Ex. A). As discussed *infra*, the state court took no action in the interim, and L&S cannot have been prejudiced by any delay in the filing, particularly as L&S's *own* argument is that filing would have been timely just one day prior.[3] What prejudice occurred between May 12 (filing notice would have allegedly been timely) and May 13 (filing was allegedly prejudicial) is left to the reader's imagination.

---

[2] At no point during the last-minute meet-and-confer did counsel for L&S raise any defect with Eclipse or Pearl Cohen's Certificate of Disclosure. (Yonay Dec. at ¶8).

[3] L&S's reference to an April 7, 2020 Notice of Removal (Mem., D.I. 10-1, at 5 n.4) is a diversion, since L&S does not allege that the April 13, 2020 Notice of Removal (D.I. 1) was untimely. There simply is no good reason to mention the prior Notice.

3

Second, it is beyond cavil that notifying the originating state court of removal under 28 U.S.C. § 1446(d) is a procedural matter, not a jurisdictional one. Accordingly, failure to comply with § 1446(d) does not defeat federal subject matter jurisdiction and cannot warrant or justify remand. There is ample case law contrary to Plaintiff's position—at both the appellate and district court levels—sufficient to render these jurisdictional argument frivolous. *See, e.g.*, *Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x 496, 505 (10th Cir. 2010) (affirming denial of motion to remand where failure to file notice with state court was oversight by legal assistant, and copy was filed on the same day defendant was notified; observing that "a defect in the removal procedure, standing alone, is not sufficient to warrant vacating judgment and remanding to state court if subject matter jurisdiction existed in the federal court."); *Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394 (9th Cir. 2003) (affirming denial of motion to remand; insurance company's inadvertent failure to file a copy of the notice of removal with the state court was not jurisdictional; removal was procedurally sufficient, as insurance company immediately filed a notice with the state court when it realized the error). The Eleventh Circuit Court of Appeals decided as much this past February, stating:

> What's more, we have previously held that failure of notice to the state court is a procedural defect that does not defeat federal jurisdiction. Accordingly, <u>because the government's failure to promptly file the notice in the state court was at best a procedural defect in the case's removal, the district court had jurisdiction over the action and could not remand it back to the state court</u>.

*See Knezevich v. Carter*, No. 19-10769, 2020 U.S. App. LEXIS 5433, at *10–11 (11th Cir. Feb. 24, 2020) (affirming denial of motion to remand, particularly where plaintiff had actual notice) (citations, quotations omitted; emphasis added).

District courts are fully in accord. *See, e.g.*, *Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247–48 (S.D.N.Y. 2000) ("where, as here, the [thirty-six day] delay was

4

relatively short and no action was taken by the state court . . . the alleged defect is harmless and, not being jurisdictional, creates no basis for remand."). One Court has gone so far as to deny remand after a six-month delay, finding that:

> [I]t is apparent that federal jurisdiction exists and that the purpose of the removal statute has not been thwarted in this case. *None of the cases cited by the parties suggests that federal jurisdiction turns on 1446(d) as opposed to 1446(a). To the contrary, federal jurisdiction arises upon the defendant's compliance with 1446(a) & (b)*.
>
> As for the statutory purpose, the requirement that defendants promptly file a copy of the notice with the state court is designed to avoid duplicative labor and possible inconsistent results by bringing an end to the state court's exercise of concurrent jurisdiction. *It is apparent here that the Superior Court has not engaged in any proceedings and merely issued a preliminary scheduling order*. Perhaps more importantly, the Superior Court's docket reflects a willingness to cede jurisdiction to the federal court. Thus, the purpose of the removal statute is not undermined in any way by this court's exercise of jurisdiction.

*Whitney v. Wal-Mart Stores, Inc.*, No. Civ. 04-38-P-H, 2004 U.S. Dist. LEXIS 17437, at *3–6 (D. Me. Aug. 31, 2004) (six-month delay in filing notice of removal with state court not prompt but also harmless, such that remand was not justified) (citations omitted; emphases added).

Cases cited by L&S (Mem., D.I. 10-1, at 5)—none decided by an appellate court—are irrelevant and/or distinguishable. *See Johnson v. Citibank, N.A.*, 63 F. Supp. 3d 545 (D. Md. 2014) (there was no basis for federal jurisdiction at the time of removal); *Kosen v. Ruffing*, No. 08cv0793-LAB (WMc), 2009 U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 7, 2009) (no evidence that Notice of Removal filed with state court at all, as late as *eight months* after removal); *Mlotek v. Mlotek*, Case No. 10-cv-432, 2011 U.S. Dist. LEXIS 13828, at *4 (N.D. Oh. Feb. 3, 2011) ("*Over eight months* have passed since this case was removed and Mr. Mlotek has still not filed a notice of removal with the state court"); *Hanratty v. Watson*, Case No. 10-cv-622-JPG, 2010 U.S. Dist. LEXIS 127270 (S.D. Ill. Dec. 2, 2010) (*fifty-one day* delay in filing notice of removal with state court);

*Pinkerton v. New Body MD LLC*, SACV 18-02195JVS(DFMx), 2019 U.S. Dist. LEXIS 21128 (C.D. Cal. Feb. 7, 2019) (notice of removal filed without consent of all defendants).

In short, none of L&S's cited cases support remanding when notice of remand was filed within 30 days (particularly where the state court took no action in the interim, and there is no prejudice to plaintiff), and there is plenty of case law denying remand on more extreme facts.

L&S's resort to common dictionaries and tortured statutory interpretation, urging this Court to create a strict twenty-nine day deadline for filing a notice of removal, is nothing more than sleight of hand. (Mem., D.I. 10-1, at 6-7). Indeed, the contrast (within a single statutory section) between an express thirty-day statutory deadline for seeking remand under § 1447(c), and reference to "promptly" notifying the state court in § 1446(d), could not be more clear. The rule advocated by Plaintiff would be comical if it were not so absurd: could it truly be the case that a defendant has 29 days within which to notify the state court of the removal, but upon its failure to do so, a plaintiff has but one (1) single day to respond and file a motion to remand?

On the contrary, in addition to the procedural (rather than jurisdictional) nature of the notice requirement, discussed *supra*, courts have interpreted the "promptly" language with great leniency, not the strictness that Plaintiff espouses. For example, L&S's reliance (Mem., D.I. 10-1, at 7) on *Fromm v. Duffy*, Civ. Nos. 19-1121 (EGS); 19-1124 (EGS), 2020 U.S. Dist. LEXIS 3482 (D.D.C. Jan. 9, 2020), is misplaced. There, plaintiff moved for remand on the basis of lack of subject matter jurisdiction, not alleged non-compliance with 28 U.S.C. § 1446(d). *See id.* at *2. In the event of any doubt, as a sister court has held, the issue should be resolved against remand *for the very reason* that it is not jurisdictional: "because filing a copy of the notice of removal with the state clerk does not directly affect federal jurisdiction, [this] [C]ourt is not obligated to narrowly construe § 1446(d)'s prompt filing requirements or to resolve any doubts against removability."

6

*Parker v. Malone*, Civil Action Nos. 7:03CV00742, 7:03CV00743, 7:03CV00744, 2004 U.S. Dist. LEXIS 1096, at *7–8 (W.D. Va. Jan. 15, 2004) (citations, quotations omitted).

Indeed, none of the cases counsel for a draconian twenty-nine day deadline to comply with § 1446(d), as evidenced by the courts' focus on whether any prejudice caused by the delay in notice. *See, e.g.*, *Whitney*, 2004 U.S. Dist. LEXIS 17437, at *4 (six-month delay in filing notice of removal with state court not prompt but harmless); *Calderon*, 101 F. Supp. 2d at 247–48 (thirty-six-day delay was relatively short and harmless); *Browning*, 396 F. App'x. at 505; *Knezevich*, 2020 U.S. App. LEXIS 5433, at *10–11 (government's failure to promptly file the 28 U.S.C.S. § 1446(b) notice was at best a procedural defect, as plaintiff had actual notice). As discussed below, there is no such prejudice here.

B. <u>There is No Prejudice to L&S from Any Delay in Notifying the Superior Court</u>

L&S's sole claim of prejudice (Mem. at 8-9), *viz.*, that it was prevented from serving discovery in this proceeding, is unsupported and unavailing.[4] First, the undersigned advised Plaintiff's counsel as early as April 1, of the intention to remove to this Court. (Yonay Dec., ¶5). Any subsequent attempts at discovery in D.C. Superior Court were made upon full knowledge of that intention.

Moreover, there is nothing preventing L&S from re-serving the same discovery requests in this matter: L&S's claim that doing so risks waiver of its right to seek remand is unsupported by

---

[4] Despite ongoing email and phone communication between counsel, no prior mention has ever been made of L&S's purported written discovery issued in the Superior Court action. Presumably, the claimed service (Mem., D.I. 10-1, at 3, 8) refers to mailing by post to the undersigned's office, which has not been occupied by counsel since mid-March due to New York City's mandatory Shelter-in-Place order in response to the COVID-19 pandemic. (Yonay Dec., ¶¶8, 12). Of course, if L&S sincerely wanted to "move this case toward a final judgment from the D.C. Superior Court as quickly as possible" (Mem., D.I. 10-1, at 8), it could have availed itself of late-Twentieth Century technology and served the discovery requests via email, which the undersigned proposed for other filings as early as April 2. (Yonay Dec., ¶6).

7

any authority, and Plaintiff never even asked the undersigned whether it would consent to such discovery as not operating as a waiver of jurisdictional arguments.  (Mem., D.I. 10-1, at 8). *Courville v. Texaco, Inc.*, 741 F. Supp. 108 (E.D. La. 1990), cited by L&S, is not helpful.  There, the court set forth a 15-point history of the proceedings in federal court, including "nearly a year of discovery under federal court auspices, including the retention of liability experts, medical experts and economists, [and] a Pre-trial Conference [ ] held in anticipation of a trial in U.S. District Court." *Id*. at 108.  By contrast, this case—federal and state—is in its infancy.  Service of a modest set of written discovery by L&S cannot be regarded as "undertak[ing] affirmative action in the federal district court, [thereby] acquiesce[ing] in the federal court's jurisdiction and waiv[ing] objection to the removal." *Id.* At 110 (internal citation omitted).  In any event, "[i]t is likewise settled that the district court has broad discretion in deciding whether a plaintiff has waived a right to object to procedural irregularities in removal proceedings." *Id*. (internal citation omitted).

Furthermore, any prejudice is purely speculative (or indeed counterfactual).  Just as L&S agreed to extend time to move to dismiss in this Court (D.I. 8), it would presumably have agreed to the same courtesy extension in the Superior Court, including a stay of discovery.  Therefore, regardless of whether this case had proceeded in D.C. Superior Court, or had the D.C. Superior Court been notified on April 13, of the removal, the parties would be in exactly the same position as they are today.  And there is no allegation that the discovery was served after removal but before notice to Plaintiff.  L&S is grasping at straws to find prejudice where none exists.

Finally, action by a party (which had notice of the removal) is not akin to action by the state court.  That is, notifying the state court of removal is intended to prevent concurrent jurisdiction by two judicial bodies. See, e.g., *Whitney, supra,* 2004 U.S. Dist. LEXIS 17437, at

*3–6 ("As for the statutory purpose, the requirement that defendants promptly file a copy of the notice with the state court is designed to avoid duplicative labor and possible inconsistent results by bringing an end to the state court's exercise of concurrent jurisdiction.").

Here, the D.C. Superior Court has not taken any action—either with respect to the written discovery or otherwise, in the interim between removal and notification of such. As the Court observed in *Whitney*, "the Superior Court's docket reflects a willingness to cede jurisdiction to the federal court." *Id.* . See Yonay Dec., Ex. A (marking case as "closed"). Thus, the purpose of the removal statute is not undermined in any way by this court's exercise of jurisdiction.

### C. L&S's Diversity Jurisdiction Argument is Improper and Moot

Finally, in the likely realization that its principal argument for removal based on §1446(d) is (at best) weak, L&S tacks on an afterthought concerning potential absence of diversity jurisdiction. Preliminarily, the argument is improperly made, as L&S's counsel never raised this argument during the "meet and confer" on its motion to remand. Insofar as the motion was already drafted, Plaintiff was well-aware of its intention to move on this basis, but failed to mention it. Had the issue been raised earlier (e.g., around April 20, upon filing of Defendants' Local Rule 26.1 Disclosure (D.I. 7)), a simple clarification would have eliminated the need for a motion.

As to the merits, L&S's argument—turning on the difference between "residence" and "citizenship" for the members of Eclipse and Pearl Cohen—is purely semantic. As the Court is aware, a natural person is considered "a citizen of the state where he or she is domiciled, that is, where the person *has a fixed residence* with the intent to remain there indefinitely . . ." *Copeland v. U.S. Bank N.A.*, 2020 U.S. Dist. LEXIS 72280, at *12 (N.D. Tex. Apr. 4, 2020).

Obviously, "residence" is one of the elements of assessing "domicile" for a natural person for establishing diversity jurisdiction. *See, e.g.*, 15A Moore's Federal Practice—Civil §102.34

9

("Domicile generally requires two elements: (1) physical presence in a state and (2) the intent to make the state a home."). Plaintiffs raise no argument that the listed residence of the principals of Eclipse or Pearl Cohen is not also their *fixed* residence (i.e., domicile or citizenship), or that there is any actual absence of diversity.

To the extent there is any difference in this matter between "mere" residence and "fixed" residence, i.e., domicile or "citizenship," Defendants have now supplemented their Local Civil Rule 26.1 Disclosure to clarify that each principal's reference to "residence" is his domicile, which is the basis for determining diversity of citizenship under 28 U.S.C. §1332. *See* Defendants' Supplemental Local Rule 26.1 Disclosure (D.I. 12). As a result, there should be no dispute that federal diversity jurisdiction is appropriate, as there is complete diversity between L&S (and its members) and each of Defendants (and their members). *See, e.g.*, *Browning*, 396 F. App'x at 505; *Knezevich*, 2020 U.S. App. LEXIS 5433 at *11.

D. <u>Defendants are Entitled to an Award of Costs and Attorneys' Fees</u>

Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." In light of the foregoing, it should be apparent that L&S's motion has no basis in law, and was made primarily to drive up Defendants' costs by unreasonably and vexatiously multiplying the pleadings in this matter, even at this early stage. Moreover, even if the motion were properly made, L&S's failure to withdraw the motion upon filing the notice of removal with D.C. Superior Court is unreasonable.

Section 1927 "focuses on whether an attorney's conduct 'imposes unreasonable and unwarranted burdens on the court and opposing parties.'" *In re Carvalho*, No. 15-00646

(Chapter 7), 2019 Bankr. LEXIS 3098, at *58 n. 19 (Bankr. D.D.C. Sep. 30, 2019) (quoting *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc)). An award under § 1927 requires evidence of recklessness, bad faith, or improper motive. *See Forras v. Rauf*, Civil Action No. 12-282, 2016 U.S. Dist. LEXIS 141616, at *5 (D.D.C. Sept. 22, 2016). However, that motive need not be subjective:

> [T]he phrase 'unreasonably and vexatiously' [in § 1927] demands an objective analysis and . . . § 1927 does not require a malicious intent or a bad purpose. The attorney's subjective bad faith is not a necessary prerequisite to a § 1927 award: the inquiry is whether the attorney's conduct, viewed objectively, shows that she acted unreasonably and vexatiously. Accordingly, "objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently."

*In re Rosebar*, No. 13-00535 (Chapter 11), 505 B.R. 82, 89; 2014 Bankr. LEXIS 449 at, *16–17 (Bankr. D.D.C. Feb. 3, 2014) (awarding sanctions) (quoting *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1240, 1241 (11th Cir. 2007).

The conduct surrounding this motion certainly qualifies as unreasonable: (a) on its merits, the motion (e.g., the invitation for this Court to legislate a "hard" 29-day deadline for § 1446(d), the flimsy allegation of prejudice, etc.) is ill-conceived and frivolous; (b) having fully drafted the motion well in advance, counsel waited until the last possible moment to meet-and-confer for the very reason that raising it earlier would have allowed the purported defect to be remedied; and (c) despite being advised that the purported defect had been remedied, and given two days to reconsider and withdraw the motion without consequence, counsel persisted, forcing this response. (Yonay Dec., ¶11, Ex. B). The motion and its maintenance cannot be seen as anything but

vexatious, unreasonable, and objectively reckless. Accordingly, sanctions under §1927, in the amount of Defendants' costs and fees incurred in opposing the motion to remand, are warranted.[5]

## IV. CONCLUSION

For the foregoing reasons, L&S's motion to remand is moot, and in any event, should be denied based on clear law. In addition, filing and maintaining the motion constitutes vexatious and unreasonable multiplying of proceedings, and Defendants are entitled to their costs and fees incurred in opposing the motion, pursuant to 28 U.S.C. § 1927.

Dated:   May 21, 2020

Respectfully submitted,

*/s/     Guy Yonay*
Guy Yonay (NY0327)
PEARL COHEN
 ZEDEK LATZER BARATZ LLP
1500 Broadway, 12th Floor
New York, New York 10036
Email: gyonay@pearlcohen.com
Office:    (646) 878-0808
Mobile:   (646) 595-8238

*Attorney for Defendants*
  *Estar Technologies, Ltd.,*
  *Eclipse Medcorp, LLC, and*
  *Pearl Cohen Zedek Latzer Baratz, LLP*

---

[5] Sanctions under Section 1927 are permitted against an "attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof . . . ." At least one principal of plaintiff L&S (Mr. Levi, Bar No. 1005591) is admitted to practice in this Court.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the counsel below are being served with a copy of DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND IN SUPPORT OF SANCTIONS and the supporting declaration with exhibits, via ECF on this the 21st day of May, 2020.

>Eric Pelletier
>Offit Kurman, P.A.
>4800 Montgomery Lane, 9th Floor
>Bethesda, MD 20814
>Email: epelletier@offitkurman.com
>Tel: (240) 507-1739
>Fax: (240) 507-1735
>
>*Attorneys for Plaintiff*
> *Levy & Snotherly, PLLC*

>/s/  Guy Yonay
>Guy Yonay