**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LEVI & SNOTHERLY, PLLC     :
               :
   Plaintiff       :
               :
v.             :   **CASE NO. 1:20-cv-00958-JEB**
               :
ESTAR TECHNOLOGIES, LTD., et al.  :
               :
   Defendants      :

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO REMAND
FOR DEFENDANTS' FAILURE TO COMPLY WITH 28 U.S.C. §1446(d)
AND
<u>OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS</u>**

## <u>TABLE OF CONTENTS</u>

I.      **INTRODUCTION**..................................................................................................... 1

II.     **DEFENDANTS' SECOND FAILED ATTEMPT TO ESTABLISH SUBJECT MATTER JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP WILL LIKELY REQUIRE COSTLY AND TIME CONSUMING DISCOVERY** .................................................. 3

III.    **PLAINTIFF'S MOTION IS NOT MOOT, AND DEFENDANTS' HODGE-PODGE OF OTHER CONTENTIONS DO NOT WARRANT DENIAL OF PLAINTIFF'S MOTION** ... 6

    **A.**  **Plaintiff's Motion Was Not Mooted by Defendants' Un-prompt Filing** ........................... 7

        *1.*  *Words Should be Given Their Ordinary Meaning* ....................................... 8

        *2.*  *Dictionary Definitions* ................................................................. 8

        *3.*  *Statutes* ......................................................................................... 9

        *4.*  *Case Law* ....................................................................................... 9

    **B.**  **A Procedural Defect Alone Warrants Remand** ............................................... 12

    **C.**  **The Removal Statutes Are to Be "Strictly Construed" in the Case of Procedural Defects**.................................................................................................................. 13

    **D.**  **Defendants' Plea for A Lenient Statutory Construction Should be Rejected Because the Equities Weigh Heavily in Favor of Plaintiff** .................................................. 14

IV.    **DEFENDANTS' MOTION FOR SANCTIONS AND ATTORNEY'S FEES IS BASELESS AND SHOULD BE REJECTED** ........................................................................... 16

V.     **CONCLUSION** ........................................................................................... 18

## **TABLE OF AUTHORITIES**

**Cases**

*Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504 (2d Cir. 1991) ............................................. 5

*Alpena Power Co. v. Utility Workers Union of America, Local 286*,
   674 F. Supp. 1286 (E.D. Mich. 1987)................................................................. 6, 9, 10

*Animal Welfare Inst. v. Feld Entm't, Inc.,* 944 F. Supp. 2d 1 (D.D.C. 2013)............................ 16

*Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 115 S. Ct. 788, 130 L. Ed. 2d 682 (1995)................... 8, 14

*Browning v. Am. Family Mut. Ins. Co.*, 396 F. App'x 496 (10th Cir. 2010) ............................. 10

*Chestnut Hill Benevolent Ass'n v. Burwell*, 142 F. Supp. 3d 91 (D.D.C. 2015) ........................... 9

*Christopher v. SmithKline Beecham Corp.*,
   567 U.S. 142, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) .................................................... 9

*Coletti v. Ovaltine Food Prods.*, 274 F. Supp. 719 (D.P.R. 1967) ....................................... 6, 9

*Copeland v. U.S. Bank N.A.*, 2020 U.S. Dist. LEXIS 72280 (N.D. Tex. Apr. 4, 2020) ....................... 4

*Doherty v. Goslin*, No. 02 cv 2689, 2002 U.S. Dist. LEXIS 15083 (E.D. Pa. July 26, 2002)........... 6, 9, 12

*Dover v. Medstar Wash. Hosp. Ctr.*, Inc., 989 F. Supp. 2d 57 (D.D.C. 2013) ............................ 17

*Forras v. Rauf*, 2016 U.S. Dist. LEXIS 141616 (D.D.C. Sept. 22, 2016) .......................... 16, 18

*Frett-Smith v. Vanterpool*, 511 F.3d 396 (3d Cir. 2008)................................................ 4

*Fromm v. Duffy*, Civ. Nos. 19-1121, -1124 (EGS),
   2020 U.S. Dist. LEXIS 3482 (D.D.C. Jan. 9, 2020) ...................................... 2, 11, 13

*In re Carvalho*, 2019 Bankr. LEXIS 3098 (Bankr. D.D.C. Sept. 30, 2019) .............................. 18

*In re Rosebar*, 505 B.R. 82 (Bankr. D.D.C. 2014) ................................................... 18

*ITT World Commc'ns, Inc. v. FCC*, 725 F.2d 732, 233 U.S. App. D.C. 205 (D.C. Cir. 1984).............. 8, 14

*Jankovic v. Int'l Crisis Group*, 2005 U.S. Dist. LEXIS 17946 (D.D.C. Aug. 23, 2005) .................... 3, 4, 5

*Johnson v. Citibank, N.A.*, 63 F. Supp.3d 545 (D. Md. 2014) ....................................... 6, 12

*Knezevich v. Carter*, No. 19-10769, 2020 U.S. App. LEXIS 5433 (11th Cir. Feb. 24, 2020)............. 10, 11

*Koerner v. Aetna U.S. Healthcare, Inc.*, 92 F. App'x 394 (9th Cir. 2003) ............................. 10

*Kosen v. Ruffing*, No. 08cv0793, 2009 U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 5, 2009) ...................... 12, 13

*Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341 (11th Cir. 2017) .................................................. 4

*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) .......... 4

*Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902 (D.C. Cir. 2006) ........................................ 3

*Peterson v. AT&T Mobility Servs., LLC* 134 F. Supp. 3d 112 (D.D.C. 2015) ............................ 17

*Peterson v. BMI Refractories*, 124 F.3d 1386 (11th Cir. 1997) .................................................. 12

*Robertson v. Cease*, 97 U.S. 646 (1878) ................................................................................ 4

*Sadat v. Mertes*, 615 F.2d 1176 (7th Cir. 1980) ................................................................... 5

*SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1358, 200 L. Ed. 2d 695 (2018) .................................. 8

*Schindler Elevator Corp. v. United States ex rel. Kirk*,
   563 U.S. 401, 131 S. Ct. 1885, 179 L. Ed. 2d 825 (2011) ................................................... 8

*United States v. Palmer*, 854 F.3d 39 (D.C. Cir. 2017) ............................................................. 8

*Williams v. Howard University*, 984 F. Supp. 27 (D.D.C. 1997) ............................................ 2, 13

*Yokeno v. Sekiguchi*, 754 F.3d 649 (9th Cir. 2014) .................................................................. 4

**Statutes**

28 U.S.C. §1447(c) .............................................................................................................. 12

28 U.S.C. §1446(d) ....................................................................................................... *passim*

28 U.S.C. §1447(d) .............................................................................................................. 7

28 U.S.C. §1927 .............................................................................................................. 16, 17

**Rules**

Fed. R. Civ. P. 11(b)(1) ...................................................................................................... 17

Local Civil Rule 7(m) ......................................................................................................... 7

Plaintiff Levi & Snotherly, PLLC ("L&S" or "Plaintiff") respectfully submits this Reply memorandum in support of its Motion to Remand to the Superior Court of the District of Columbia for Defendants' failure to comply with 28 U.S.C. §1446(d). Also, Plaintiff opposes Defendants' motion for sanctions because it is utterly meritless, does not even address the correct legal standard, and plainly is intended to harass Plaintiff.

## I.    <u>INTRODUCTION</u>

In its Opening Memorandum (D.I. 10), Plaintiff established that Defendants did not, and could not at this stage, comply with the removal statute and that remand was therefore appropriate. Nothing in Defendants' Opposition ("Opp.") (D.I. 13) warrants denial of Plaintiff's Motion.

***First***: As to subject matter jurisdiction, Defendants' second attempt (D.I. 12) to comply with this Court's April 15, 2020, Order (D.I. 4) falls short, so too their attempts to establish that this Court possesses subject matter jurisdiction. Given that Defendants still have failed to establish that this Court possesses jurisdiction, Plaintiff expects that the parties will have to incur the added expense and delay of discovery in order to determine whether this Court possesses jurisdiction. Remand would avoid these prejudicial expenses and delay.

***Second***: Neither Plaintiff nor Defendants in their opposition cite to any authority from this jurisdiction that conclusively holds what "promptly" in section 1446(d) means or that otherwise interpret that word. Thus, it would appear that this is a matter of first impression in this jurisdiction. Yet, with much overstatement, Defendants assert that Plaintiff's Motion is moot. But, it is not moot because Defendants' post-Motion filing cannot undo the procedural failure to act "promptly," as that word is plainly and ordinarily defined. Plaintiff cited case law holding that a delay of 30 days—and even less than 30 days—does not comply with the statutory requirement to act "promptly." Plaintiff cited to dictionary definitions and to the statutes themselves to support its

position that Defendants did not, and could not have, acted promptly and that remand is warranted. Defendants' opposition throws up much flak but, in the end, does not come close to rebutting Plaintiff's showing that remand to Plaintiff's chosen forum is warranted. Indeed, Defendants' opposition is unserious—as is their request for sanctions on a motion involving an apparent question of first impression.

Because the "removal statue is to be *strictly construed*, *any ambiguities* concerning the propriety of removal *shall be construed in favor of remand*." *Fromm v. Duffy*, Civ. Nos. 19-1121, -1124 (EGS), 2020 U.S. Dist. LEXIS 3482, at *6 (D.D.C. Jan. 9, 2020) (emphasis added). To the extent there are any ambiguities in what constitutes acting "promptly," this Court shall strictly construe the removal statute—even in the case of a procedural defect (*see Williams v. Howard University*, 984 F. Supp. 27, 29-30 (D.D.C. 1997))—and grant Plaintiff's Motion.

*__Third__*: Defendants' motion for sanctions in the form of attorneys' fees is wholly meritless. They make this request for sanctions while simultaneously asking the Court for a "lenien[t]" construction of the removal statute to excuse their own errors. Indeed, ***the request, brought regarding an apparent question of first impression in this jurisdiction, is itself abusive***. As Plaintiff explained in its Opening Memorandum (Mem. at 8 & n.9), Plaintiff seeks remand in order to obtain a quicker resolution on the merits of this dispute, something Defendants appear steadfast in avoiding. Plaintiff—a small, two person law firm—is being forced to incur expenses to retain counsel to recoup its attorney's fees that Defendants have unjustifiably refused to pay. Defendants' apparent strategy is to harass and intimidate Plaintiff by threatening to increase Plaintiff's litigation costs.[1] Defendants' groundless request for sanctions is in keeping with that strategy. This Court should reject Defendants' request for sanctions.

---

[1]      *See*, Section IV and note 13, below.

## II. DEFENDANTS' SECOND FAILED ATTEMPT TO ESTABLISH SUBJECT MATTER JURISDICTION BASED ON DIVERSITY OF CITIZENSHIP WILL LIKELY REQUIRE COSTLY AND TIME CONSUMING DISCOVERY

As the Court knows, Plaintiff and the Pearl Cohen and Eclipse Defendants were directed to file by no later than April 20, 2020, a Notice identifying the "citizenship" of each of their members. (D.I. 4.) Plaintiff timely complied. (D.I. 5.) Pearl Cohen and Eclipse still have not.

Defendants' first notice (D.I. 7) identified only the "residence" of their members. But that attempt failed because it is black letter law that "residence" is not sufficient to establish citizenship for purposes of diversity jurisdiction. *See, e.g., Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006). This shortcoming was far from "sematic," as Defendants mistakenly contend.[2]

On May 20, 2020, thirty days after the Court's deadline for compliance, Pearl Cohen and Eclipse filed a second notice (D.I. 12). In their second notice, Pearl Cohen and Eclipse identify the "domicile" of their members, but they explicitly define "domicile" as "physically reside and intend to continue to make that location their home." (D.I. 12 at 1.) This second attempt to establish jurisdiction fares no better than the first and fails for two distinct reasons.

*First*: While domicile is sometimes "substantially synonymous" with citizenship, a domicile—as correctly defined—is determined by "two factors: (1) physical presence in the jurisdiction, and (2) an intent to remain there *for an unspecified or indefinite period of time*." *See, e.g., Jankovic v. Int'l Crisis Group*, 2005 U.S. Dist. LEXIS 17946, at*11-12 (D.D.C. Aug. 23, 2005) (emphasis added). "In order to be a citizen of a State within the meaning of the diversity

---

[2]    Defendants suggest that it was improper for Plaintiff to raise Defendants' failure to establish subject matter jurisdiction and to point out to the Court that discovery might be necessary. That suggestion is nonsense. Indeed, given Defendants' continued failure to establish that this Court possesses subject matter jurisdiction, Plaintiff reserves its right to move to remand for lack of jurisdiction if discovery reveals that there is no diversity of citizenship.

statute, a natural person must both be a citizen of the United States *and* be domiciled within the State." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828, 109 S. Ct. 2218, 104 L. Ed. 2d 893 (1989) (emphasis in original). Pearl Cohen and Eclipse chose a definition of "domicile" ("physically reside and intend to continue to make that location their home") that omits any reference to an intent to remain in a jurisdiction *for an unspecified or indefinite period of time*. Defendants might, or might not, have meant to indicate that their members intend to remain in the identified jurisdictions indefinitely, but Defendants cannot leave it for Plaintiff or the Court to guess.[3]

> *Second*: It is well-established that a United States "citizen" who is "domiciled abroad" is neither a citizen of any state of the United States nor a citizen or subject of a foreign state for diversity purposes.[4] *See Jankovic*, 2005 U.S. Dist. LEXIS 17946, at *16-17; *see also Newman-Green,* 490 U.S. at 828; and *Robertson v. Cease*, 97 U.S. 646, 648-649 (1878). These "stateless American citizens" cannot provide the Court with subject matter jurisdiction based on diversity of citizenship. *Jankovic*, 2005 U.S. Dist. LEXIS 17946, at *17.

Pearl Cohen identifies two of its members as Mark Cohen and Doron Latzer who, Pearl Cohen states, are "domiciled in *Israel*." (D.I. 12 at 2 (emphasis in original).) This statement leaves a substantial open question as to whether either of Messrs. Cohen or Latzer is a United States or dual "citizen," in which case jurisdiction based on diversity of citizenship would be precluded.[5]

---

[3]     Defendants cited a snippet of the correct definition in their opposition brief (D.I. 13 at 9 (citing *Copeland v. U.S. Bank N.A.*, 2020 U.S. Dist. LEXIS 72280, at *12 (N.D. Tex. Apr. 4, 2020))), yet Defendants omitted "for an unspecified or indefinite period of time" from their notice to the Court (D.I. 12).

[4]     This is an instance in which "domicile" is obviously not synonymous with "citizenship."

[5]     As to dual U.S./foreign citizens, "for purposes of diversity jurisdiction, only the American nationality of a dual national is recognized." *Life of the S. Ins. Co. v. Carzell*, 851 F.3d 1341, 1347 (11th Cir. 2017) (quoting *Frett-Smith v. Vanterpool*, 511 F.3d 396, 400 (3d Cir. 2008)); *see also Yokeno v. Sekiguchi*, 754 F.3d 649, 655 (9th Cir. 2014) ("Our precedent directs us to consider only

Thus, because Pearl Cohen fails to indicate whether Messrs. Cohen and Latzer are "citizens" of the United States, citizens or subjects of a foreign country, or dual U.S./foreign citizens, Defendants still have not established that this Court has jurisdiction based on diversity of citizenship. Moreover, given the circumstances of Defendants' inability to clearly state the domicile of their members, Plaintiff at this point should not have to rely on a mere attorney representation as to the "domicile" of Messrs. Cohen and Latzer, but instead it is incumbent on Defendants to provide a fulsome statement of the facts of the "entire course of conduct" of those individuals. *See Jankovic*, 2005 U.S. Dist. LEXIS 17946, at *12-17.

* * *

Pearl Cohen and Eclipse have thrice failed to identify the "citizenship" of their members (once in the Notice of Removal and twice in response to the Court's April 15, 2020, Order). Defendants' failure to state that which should be simple suggests that there is some fatal flaw to their allegation of jurisdiction based on diversity of citizenship. Only Defendants know what they are hiding and why they—over 30 days after the Court's deadline—still have not been forthcoming. Given that Pearl Cohen and Eclipse appear mysteriously reluctant to reveal the citizenship of their members and do not clearly identify the "domicile," Plaintiff expects that discovery will be needed to expose any such fatal flaw in their jurisdictional allegations and to otherwise determine whether this Court possesses subject matter jurisdiction.

Remand would avoid these prejudicial expenses and delay.

---

the American citizenship of a dual citizen for purposes of determining diversity."); *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991) ("In matters of diversity jurisdiction American citizenship will determine diversity."); and *Sadat v. Mertes*, 615 F.2d 1176, 1187 (7th Cir. 1980) ("[O]nly the American nationality of the dual citizen should be recognized under 28 U.S.C. § 1332(a).").

III.   **PLAINTIFF'S MOTION IS NOT MOOT, AND DEFENDANTS' HODGE-
PODGE OF OTHER CONTENTIONS DO NOT WARRANT DENIAL OF
PLAINTIFF'S MOTION**

Plaintiff (and Defendants in their opposition) was unable to uncover any decision from this jurisdiction that conclusively held what "promptly" in section 1446(d) means or that otherwise interpreted that word. Accordingly, recognizing that this is apparently a matter of first impression in this jurisdiction, Plaintiff cited to the plain and ordinary meaning of "promptly" found in dictionaries. Plaintiff argued that the juxtaposition of the relevant statutes supported its position that remand is warranted. Plaintiff also cited to authorities from other jurisdictions to support its argument that a 30-day delay—and indeed even shorter delays—do not comply with 28 U.S.C. §1446(d). *See, e.g., Doherty v. Goslin*, No. 02 cv 2689, 2002 U.S. Dist. LEXIS 15083, at *3-6 (E.D. Pa. July 26, 2002) (holding that a ***27-day delay does not comply*** with the statutory requirement that the State court be promptly notified); *see also Johnson v. Citibank, N.A.*, 63 F. Supp.3d 545, 555-56 (D. Md. 2014) (***waiting 33 days*** to notify the State court of notice of removal was not prompt). Additional cases are in accord. *See, e.g., Coletti v. Ovaltine Food Prods*., 274 F. Supp. 719, 723 (D.P.R. 1967) (holding that ***5 day delay justifies remand***); *Alpena Power Co. v. Utility Workers Union of America, Local 286*, 674 F. Supp. 1286, 1287-88 (E.D. Mich. 1987) (declaring a new rule that periods of ***11 days*** are within the range of promptness, thereby providing concrete parameters to define the previously amorphous concept of prompt).

For their part, Defendants mistakenly contend that Plaintiff's motion is unquestionably moot. With much hyperbole, Defendants posture as if the meaning of "promptly" has been conclusively decided in this jurisdiction, when it has not. Defendants misrepresent the case law in suggesting that Courts have not strictly construed "promptly." Defendants snidely characterize Plaintiff's citation to dictionaries and its statutory reading. Defendants rely on cases (also from outside this jurisdiction), and they deride Plaintiff's reliance on cases from the District Court level

as opposed to the Appellate level—all the while oblivious to the statutory prohibition on the appeal of decisions granting motions to remand. *See* 28 U.S.C. §1447(d) ("An order remanding a case to the State court from which it was removed is *not reviewable on appeal or otherwise*," except in situations not applicable here) (emphasis added). They even try to fault Plaintiff's counsel for the pre-filing meet and confer and for the service of discovery in the D.C. Superior Court by U.S. mail.[6] In short, Defendants' dismissive opposition, like their frivolous request for sanctions and attorneys' fees, is unserious and does not aid this Court in resolving the issue at hand.[7]

### A.  Plaintiff's Motion Was Not Mooted by Defendants' Un-prompt Filing

Plaintiff, unlike Defendants, has made an effort to set forth parameters to assist the Court in reaching a principled resolution of the pending Motion. Defendants criticize Plaintiff's efforts, but those criticisms are meritless. Defendants' opposition boils down to the proposition that *waiting 30 days* to comply with the statutory requirement to act "promptly" *is prompt*. Or, put another way, *an unjustified 30-day delay is acting promptly*. This notion is untethered from the

---

[6]     Defendants' attempt to criticize the meet and confer and means of service of discovery is nothing more than a diversion and an attempt to shift blame for Defendants' counsel's own "oversight" onto Plaintiff's counsel. Plaintiff's counsel fully satisfied the requirement of Local Civil Rule 7(m) and properly served discovery in the D.C. Superior Court. Defendants conveniently fail to mention that Plaintiff's counsel first emailed Defendants' counsel to set up the meeting at 11:59 a.m. on the day in question, and Defendants' counsel did not respond to the email until 1:19 p.m., leading to the 3:15 p.m. call. Likewise, Defendants' implication (Yonay Decl., ¶9) that they did not have D.C. local counsel until May 13, 2020, is incorrect. As shown by the docket sheet of this matter, Defendants had local counsel (Jeremy W. Schulman of Schulman Bhattacharya LLC) who filed the Notice of Removal with this Court on April 13, 2020 (D.I. 1), and who remained as Defendants' counsel through ***May 14, 2020*** (D.I. 11). Defendants' counsel does not explain why Mr. Schulman could not have filed the notice of removal with the D.C. Superior Court any time after April 13.

[7]     Defendants suggest that there was "no good reason" to mention the notice of removal that Defendants' attempted to file on April 7 (Opp. at 3 n.3). Although an uncomfortable topic for Defendants, that suggestion is incorrect. Plaintiff was anticipating the expected argument that its Motion to Remand was allegedly untimely because it was not filed 30 days after April 7. By demonstrating that the April 7 notice was null and void, Plaintiff was proving compliance with the statutory 30-day deadline for filing thus foreclosing such a defense.

plain and ordinary meaning of the language Congress employed in the statute, and it provides no guidance or basis to assist the Court in arriving at a principled resolution of Plaintiff's Motion. Indeed, if Defendants were someday in the future to identify the citizenship of their members as directed by the Court in its April 15, 2020, Order (D.I. 4), they would no doubt say they "promptly" met the Court's April 20, 2020, deadline for doing so.

### 1.   *Words Should be Given Their Ordinary Meaning*

The Supreme Court has cautioned that "[w]hen terms used in a statute are undefined, we give them their ordinary meaning." *Asgrow Seed Co. v. Winterboer*, 513 U.S. 179, 187, 115 S. Ct. 788, 130 L. Ed. 2d 682 (1995). *See also United States v. Palmer*, 854 F.3d 39, 47 (D.C. Cir. 2017) ("Congress is presumed, absent indication to the contrary and there is none here, to use words in their ordinary meaning."); *ITT World Commc'ns, Inc. v. FCC*, 725 F.2d 732, 743, 233 U.S. App. D.C. 205 (D.C. Cir. 1984) ("The most basic rule of statutory construction requires that courts attribute to the words of a statute their plain meaning.").

Here, Congress has given no indication that "promptly" should be defined in a manner other than by its ordinary meaning. Plaintiff cited to dictionary definitions, the removal statutes, and to case law in support of its position.

### 2.   *Dictionary Definitions*

In its Memorandum, Plaintiff explained that dictionaries define "prompt" as "without delay," "very quickly," "immediately," and "with little or no delay." Mem at 6 & n.5.

Dictionary definitions provide the ordinary meaning required to define words in statutes that Congress has left undefined. *See SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354, 1358, 200 L. Ed. 2d 695 (2018) (relying on Oxford English Dictionary to determine the ordinary meaning of "any"); *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 407-08, 131 S. Ct. 1885, 179 L. Ed. 2d 825 (2011) (citing five dictionaries to determine the ordinary meaning of

"report"); *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 163, 132 S. Ct. 2156, 183 L. Ed. 2d 153 (2012) (looking to dictionaries to define "disposition" that appeared in a Congressionally-enacted statute); *Chestnut Hill Benevolent Ass'n v. Burwell*, 142 F. Supp. 3d 91, 101 (D.D.C. 2015) (turning to dictionaries to define "accrediting standards").

**Defendants do not dispute** these dictionary definitions of "promptly" as "very quickly," "immediately," or "with little or no delay." This Court can and should adopt these common-sense meanings to define "promptly" as Congress used it in the removal statute, and to thereby hold that Defendants' filing with the State court did not occur "promptly."

### 3. <u>Statutes</u>

Defendants scoff at Plaintiff's contention that "promptly" cannot mean more than 29 days. Defendants have put forth a strawman that Plaintiff's position is that a 29-day delay must be considered "prompt" under the statute whereas a 30-day delay is not. Opp. at 6, 11. That is not Plaintiff's argument. Plaintiff focused on 30-day delay because that is the delay at issue here. However, as the case law Plaintiff cited makes clear, delays of less than 30 days have been held not to be "prompt" under the statute. If anything, Defendants' opposition demonstrates that <u>*29 days is much too generous*</u> and the period should be much shorter, as at least one Court has concluded that <u>*11 days*</u> is more appropriate to define "promptly." *See Alpena Power*, 674 F. Supp. at 1287-88 (declaring a new rule that periods of **11 days** are within the range of promptness, thereby providing concrete parameters to define the previously amorphous concept of prompt).

### 4. <u>Case Law</u>

Plaintiff cites to case law holding that delays of <u>*less than 30 days*</u> cannot be considered "prompt." *See Doherty*, 2002 U.S. Dist. LEXIS 15083, at *3-6 (holding that a **27-day delay does not comply** with the statutory requirement that the State court be promptly notified); *Coletti*, 274 F. Supp. at 723 (holding that **5 day delay justifies remand**); *Alpena Power*, 674 F. Supp. at 1287-

88 (declaring a new rule that periods of **11 days** are within the range of promptness, thereby providing concrete parameters to define the previously amorphous concept of prompt). Defendants largely cites to case law that is irrelevant, distinguishable, or used to support legally incorrect arguments and, at best, cite to decisions that show courts have disagreed over what constitutes "promptly."

Defendants rely on *Browning v. Am. Family Mut. Ins. Co*., 396 F. App'x 496 (10th Cir. 2010), but that case is not relevant and distinguishable because there, unlike here, the parties acknowledge diversity jurisdiction, because there was an 18-day delay (not 30 as here) in filing the notice of removal before the Court, and because the issue before the Court occurred only after a final judgment had been entered. *Id*., 396 Fed. App'x at 505-06. As to finality, the Court specifically observed that while "[o]nce a diversity case has been tried in federal court, . . . considerations of finality, efficiency, and economy become overwhelming." *Id*. (citations omitted). Obviously, none of those considerations is present here.

Likewise, Defendants' reliance on *Koerner v. Aetna U.S. Healthcare, Inc*., 92 F. App'x 394 (9th Cir. 2003) is misplaced. That issue also was before the Court following a final judgment, thus implicating the overwhelming issues of finality not present here. *Id*. 92 F. App'x at 395-96. Moreover, the decision does not state the length of time that passed between the filing of the notice of removal with the federal court and the State Court, but the decision plainly states that the Court specifically found that the notice of removal was "promptly" filed with the State court. *Id*. Thus, that decision does not help Defendants.

Defendants also cite to *Knezevich v. Carter*, No. 19-10769, 2020 U.S. App. LEXIS 5433 (11th Cir. Feb. 24, 2020), but that reliance is misplaced. Defendants appear to rely on this case for the incorrect proposition that a procedural defect alone cannot warrant remand. Opp. at 4. Plaintiff

demonstrates below in Section III.B. that that proposition is not valid. There is ample authority that proves that a procedural defect alone suffices to warrant remand. In any event, as discussed above, there also are significant questions as to whether there are also jurisdictional defects here. As to the issue of the promptness of the filing of the notice of removal with the State court, the decision indicates that there was a delay of "nearly a month." *Id.*, 2020 U.S. App. LEXIS 5433, at *10. This suggests that the delay was some undetermined period of time less than 30 days. While courts within the 11th Circuit may have discretion to consider a delay of "nearly a month" to be prompt, here in this jurisdiction the removal statute is to be "strictly construed" and " any ambiguities concerning the propriety of removal shall be construed in favor of remand." *Fromm*, 2020 U.S. Dist. LEXIS 3482, at *6.

Setting aside that these cases on which Defendants rely do not help their opposition, an honest assessment of the landscape requires an acknowledgement that there is case law from outside this jurisdiction that fall on both sides of the question of what constitutes "promptly" in section 1446(d), but none from this jurisdiction that Plaintiff (and apparently Defendants too) was able to locate. This leaves the issue as an apparent question of first impression in this jurisdiction. Plaintiff, unlike Defendants, have offered guidelines to attempt to aid the Court in reaching a principled resolution of what constitutes "promptly" in section 1446(d), including several dictionary definitions—none of which Defendants dispute—to give "promptly" its ordinary meaning. Plaintiff has also demonstrated herein that the various notions Defendants advance (e.g., that procedural defects alone cannot suffice to warrant remand, the removal statute is not to be strictly construed in the case of a procedural defect, etc.) are without merit and that Plaintiff's Motion should therefore be granted.

**B.**    **A Procedural Defect Alone Warrants Remand**

Defendants suggest that procedural defects, such as their failure to comply with 28 U.S.C.

§1446(d), are insufficient to warrant remand absent a jurisdictional defect. This suggestion is now

largely beside the point, given Defendants' repeated inability to establish that this Court possesses

subject matter jurisdiction, as discussed above. Nevertheless, ample authority demonstrates that

Defendants are mistaken and that *procedural defects alone suffice to warrant remand*.

Starting with the plain language of 28 U.S.C. § 1447(c), Congress explicitly provided that

a procedural defect alone warrants remand. That statute reads, in part:

> A motion to remand the case *on the basis of any defect other than
> lack of subject matter jurisdiction* must be made within 30 days after
> the filing of the notice of removal under section 1446(a).

28 U.S.C. § 1447(c) (emphasis added). Plainly, a party may seek remand on the basis of a

procedural defect alone, regardless of subject matter jurisdiction.

The language of section 1447(c) suffices to dispose of Defendants' wrong-headed

argument. But cases Plaintiff cited in its opening memorandum further refute the notion that a

procedural defect alone cannot warrant remand. For example, in *Doherty*—which Defendants do

not even attempt to address in their opposition—the Court remanded on a procedural defect alone.

*Id.*, 202 U.S. Dist. LEXIS 15083, at *3-7. In *Johnson*, the Court specifically stated that "failure of

notice to the state court is a procedural defect that does not defeat federal jurisdiction, even though

a federal court might be justified in granting a timely motion to remand under 28 U.S.C. § 1447

on the grounds of such a [procedural] defect." *Johnson*, 63 F. Supp.3d at 555 (quoting *Peterson v.

BMI Refractories*, 124 F.3d 1386, 1395 (11th Cir. 1997)). In *Kosen v. Ruffing*, No. 08cv0793, 2009

U.S. Dist. LEXIS 659 (S.D. Cal. Jan. 5, 2009), the Court, citing section 1447(c), confirms that "[a]

plaintiff may move for remand when removal to federal court was procedurally defective, although

procedural defects do not necessarily deprive the court of subject matter jurisdiction." *Id.*, 2009

U.S. Dist. LEXIS 659, at *8. *See also Williams v. Howard University*, 984 F. Supp. 27, 29-30 (D.D.C. 1997) (granting motion to remand based solely on procedural defect). Plaintiff could go on, but the point has been made.

Thus, Defendants are incorrect in arguing that a procedural defect alone cannot justify remand.

### C.     The Removal Statutes Are to Be "Strictly Construed" in the Case of Procedural Defects

Defendants contend that the removal statutes are to be strictly construed only in cases involving a defect in jurisdiction (Opp. at 6). This contention is belied by the plain language of *Fromm* as well as by *Williams v. Howard University*, 984 F. Supp. 27 (D.D.C. 1997). The Court in *Fromm* plainly set forth the proposition that the "removal statue is to be strictly construed, ***any*** ambiguities concerning the propriety of removal shall be construed in favor of remand." *Fromm*, 2020 U.S. Dist. LEXIS 3482, at *6 (emphasis added). Contrary to Defendants, the principle set forth in *Fromm* is not limited only to jurisdictional defects as it refers to "any" ambiguities concerning the propriety of removal.

The *Williams* case, which Defendants fail to cite, is even more explicit in rejecting Defendants' made-up rule. There, on plaintiff's motion to remand based on a procedural defect, the D.C. District Court acknowledged that "[h]ad this action been brought initially in this Court, it would appear that this Court *would have had original jurisdiction under 28 U.S.C. § 1332(a)(1)* (1994)." *Williams*, 984 F. Supp. at 29 (emphasis added). Yet, the Court observed that "removal statutes are to be strictly construed" and proceeded to strictly construe the removal statutes by granting Plaintiff's motion to remand *based on the procedural defect*. *Id*., 984 F. Supp. at 29-30.

Thus, to the extent there are any ambiguities in what constitutes acting "promptly," this Court should strictly construe the removal statute and grant Plaintiff's Motion. That is all the more so where, as here, the equities heavily weigh in favor of Plaintiff, the party seeking remand.

### D. Defendants' Plea for A Lenient Statutory Construction Should be Rejected Because the Equities Weigh Heavily in Favor of Plaintiff

Defendants request a "lenien[t]" construction of the removal statute to excuse their own missteps. That request should be rejected because: (i) it flouts the Supreme Court's directive that words Congress used should be given their plain and ordinary meaning;[8] (ii) a strict construction of the removal statute is required as to procedural defects alone;[9] and (iii) the equities heavily favor Plaintiff.

Through their admitted "oversight," Defendants acknowledge that they filed their Notice with the D.C. Superior Court only after Plaintiff filed its Motion (Opp. at 3). Essentially pleading "no harm no foul," Defendants ask for a "lenien[t]" construction of the removal statute to excuse their mistake (Opp. at 6). But Plaintiff *has* been harmed, and Defendants' plea for leniency should be rejected because the equities weigh heavily in Plaintiff's favor. Plaintiff discussed in its opening memorandum some of the background facts of this dispute. These facts, which Defendants did not even try to rebut, demonstrate that the equities tilt strongly in Plaintiff's favor.[10]

---

[8]     *See, e.g.*, *Asgrow Seed*, 513 U.S. at 187 ("When terms used in a statute are undefined, we give them their ordinary meaning."); *see also ITT World Commc'ns* 725 F.2d at 743 ("The most basic rule of statutory construction requires that courts attribute to the words of a statute their plain meaning.").

[9]     *See* above.

[10]    Rather than addressing the background facts of the dispute, Defendants resort to attributing ill-motives to Plaintiff's inclusion of the factual background (Opp. at 2 n.1). This hardly merits a response. Suffice it to say that Defendants did not rebut Plaintiff's factual background because Defendants were unable to offer any justification for their actions and omissions.

To recap just a few, Estar and Eclipse, in coordination with Pearl Cohen, requested, accepted, and benefitted from Plaintiff's legal services. Despite an agreement to the terms of representation, Estar and Eclipse have refused to pay Plaintiff according to the agreement, and Estar has expressly and repeatedly disavowed the agreement and the representations that Pearl Cohen made to Plaintiff. During the pendency of the underlying litigation, Pearl Cohen represented and led Plaintiff to believe that payment would be forthcoming, but Pearl Cohen and Estar waited until *after* Plaintiff's services were no longer needed to inform Plaintiff that payment would not be made as agreed to.

In these few sentences, Plaintiff highlights a sampling of why the equities strongly favor Plaintiff and why Defendants' plea for a lenient construction of the removal statute to excuse their own "oversight" should be rejected. As noted above, Plaintiff, a small, two-person law firm, is being forced to incur expenses to retain counsel to hold Defendants accountable because Defendants refuse to do the right thing. Instead, *while Defendants ask the Court for leniency to excuse their own missteps, they have the audacity to simultaneously make a frivolous request for sanctions and attorney's fees*. This amply demonstrates Defendants' intent to harass and try to intimidate Plaintiff.

Defendants seek to avoid a substantive resolution on the merits. In contrast, Plaintiff seeks remand in order to increase the chances of an early and speedy resolution on the merits, and thus to minimize its expenses.[11] As to prejudice, it is undeniable that Defendants fumbled their attempt to remove this case and, had this case remained in D.C. Superior Court, the parties would be well

---

[11]     Defendants' contention that Plaintiff seeks to "avoid the merits of the dispute" (Opp. at 1) is preposterous. In fact, had this case remained before the D.C. Superior Court as Plaintiff desires, the parties would have appeared before Judge Higashi on June 12, 2020, for the Initial Scheduling Conference, thus ensuring that that the case would be moving along with dispatch. *See* Mem., Pelletier Decl., Ex. 3.

on their way towards exchanging discovery responses and they would be that much closer to a resolution on the merits. Plaintiff already can be expected to incur an extra layer of prejudicial expense and delay to conduct jurisdictional discovery in light of Defendants' inability to establish that this Court possesses diversity jurisdiction.

For these additional reasons, Plaintiff respectfully requests that this Court deny Defendants' request for a lenient interpretation of the removal statute and grant Plaintiff's Motion.

## IV.   DEFENDANTS' MOTION FOR SANCTIONS AND ATTORNEY'S FEES IS BASELESS AND SHOULD BE REJECTED

Defendants' request for attorney's fees should be summarily rejected. Defendants fail to acknowledge that an award under 28 U.S.C. §1927 requires "clear and convincing evidence" of misconduct by an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." *Animal Welfare Inst. v. Feld Entm't, Inc.,* 944 F. Supp. 2d 1, 18-19 (D.D.C. 2013). Nowhere in their opposition do Defendants acknowledge this standard of proof or attempt to meet it—***nor could they***. This omission should suffice to dispose of Defendants' request. But when one digs deeper, it becomes even more apparent that Defendants' request should be thoroughly rejected.

Defendants plead for leniency to excuse their own "oversight." Yet, at the same time, in a matter involving an apparent question of first impression in this jurisdiction, Defendants have the temerity to contend—based on their *failure to apply the correct legal standard* for an award of sanctions—that it is *Plaintiff* who should be sanctioned. Defendants' request for sanctions, like their opposition to Plaintiff's Motion, is alarmingly unserious.

Regardless, it is specious for Defendants to argue that Plaintiff's Motion is reckless, filed in bad faith or with an improper motive as the law requires for sanctions to be assessed. *See Forras v. Rauf,* 2016 U.S. Dist. LEXIS 141616, at *5 (D.D.C. Sept. 22, 2016). As discussed in detail

above, whether a 30-day delay may be considered "prompt" under 28 U.S.C. §1446(d) appears to be a question of first impression in this jurisdiction, and Plaintiff's position is amply supported by the caselaw, dictionary definitions, and by a plain reading of the statute. The facts and circumstances here are *so unlike* the cases in which this Court has granted §1927 sanctions (where a party maintained positions "utterly without merit")[12] that to say that Plaintiff's position here may be characterized in that way is not only just plain wrong, it buttresses Plaintiff's observation that Defendants' apparent strategy is to harass and intimidate Plaintiff, and induce submission by trying to needlessly increase Plaintiff's litigation costs.[13]

Likewise, any suggestion of improper motive or bad faith in filing the Motion, i.e., that Plaintiff does not truly seek the remedy requested, is false. Such a suggestion is clearly rebutted by the fact that Plaintiff originally filed its complaint in D.C. Superior Court, and specifically stated in the Motion that it sought a speedier resolution that that Court was expected to provide. This stands as unassailable proof that Plaintiff does indeed wish to remand this dispute in D.C.

---

[12]     *See Peterson v. AT&T Mobility Servs., LLC* 134 F. Supp. 3d 112, 118 n.3 (D.D.C. 2015) (plaintiff's arguments were not so utterly without merit that continued litigation of this case through a single round of summary judgment briefing "multiplied the proceedings" or otherwise meets the high bar of "recklessness" or "bad faith" required under §1927); *Dover v. Medstar Wash. Hosp. Ctr.*, Inc., 989 F. Supp. 2d 57, 63 (D.D.C. 2013) (denying §1927 sanctions even where plaintiff's counsel filed an Amended Complaint with claims that were clearly inadequate, and which he agreed he had not properly researched because such conduct did not meet the very high bar under the statute).

[13]     Defendants' request for sanctions is wholly without merit and could only be intended to harass Plaintiff and its members. Aside from the utterly meritless nature of the sanctions request itself, ***particularized evidence of harassment*** is found in Defendants' specific request that a member of Plaintiff law firm be sanctioned (Opp. at 12 n.5) even though he has not appeared as counsel for Plaintiff. Notwithstanding this improper attempt to harass and intimidate Plaintiff and its members, Plaintiff does not now ask the Court to sanction Defendants or its counsel under 28 U.S.C. §1927, Fed. R. Civ. P. 11(b)(1), or other similar provision. However, if Defendants and their counsel continue to put before the Court similar requests or motions, Plaintiff will have no choice but to use Defendants' present motion as support for Plaintiff's future request for sanctions against Defendants and their counsel, Mr. Guy Yonay.

Superior Court, its court of choice and that it does not have some ulterior motive for filing the pending Motion to Remand.

Needless to say, the cases cited by Defendants in support of their request in no way resemble the situation here. *In re Rosebar*, 505 B.R. 82, 89 (Bankr. D.D.C. 2014) (attorney sanctioned for advising debtor not to appear at court-ordered deposition); *In re Carvalho*, 2019 Bankr. LEXIS 3098 at *99 (Bankr. D.D.C. Sept. 30, 2019) (sanctions warranted where attorney filed multiple lengthy motions that were almost entirely copied and pasted from previous motions that the court had denied); *Forras*, 2016 U.S. Dist. LEXIS 141616, at *5-7 (sanctions denied where filing of multiple related lawsuits in different court have been for a tactical advantage and not necessarily unreasonable and vexatious).

For these reasons, Defendants' motion for sanctions under section 1927 should be rejected.

## V.   <u>CONCLUSION</u>

For all the foregoing reasons and for all the reasons Plaintiff discussed in its Opening Memorandum, Plaintiff respectfully requests that the Court grant its Motion and remand this case to the D.C. Superior Court.

Also, because Defendants' motion for sanctions and attorney's fees is so utterly without merit, does not even apply the correct legal standard, and for all the foregoing reasons, Plaintiff respectfully requests that the Court reject Defendants' motion.

Dated: May 27, 2020                                     Respectfully submitted,


                                                        */s/ Eric Pelletier*
                                                        Eric Pelletier

DC Bar #454794
Offit Kurman, P.A.
4800 Montgomery Lane, 9th Floor
Bethesda, MD 20814
240-507-1739
240-507-1735 fax
epelletier@offitkurman.com

*Attorney for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2020, I served a copy of the foregoing Reply

Memorandum via the Court's ECF to:

Guy Yonay, Esq.
Pearl Cohen Zedek Latzer & Baratz, LLP
1500 Broadway, 12th Fl.
New York, New York 10036

*/s/ Eric Pelletier*
Eric Pelletier